

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1362-15

### THE STATE OF TEXAS

#### v.

### JOSE RUIZ, Appellee

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### GONZALES COUNTY

---

*Per Curiam*. YEARY, J., did not participate.

### O P I N I O N

Police arrested appellee for DWI and, while he was unconscious, performed a warrantless blood draw on him. Appellee moved to suppress the blood-alcohol evidence. Finding that no exigent circumstances existed to justify a warrantless search, the trial court granted the motion. The State appealed the trial court's ruling and argued that a warrant was unnecessary due to either exigent circumstances or the implied-consent scheme under the Texas Transportation Code. *See* TEX. TRANSP. CODE §§ 724.011– 0.14. The court of appeals affirmed the trial court's ruling and rejected both of the State's arguments. *See State v. Ruiz*, __S.W.3d__, 2015 WL 5626252 (Tex. App.—Corpus Christi Aug. 27, 2015).

The State filed a petition for discretionary review.  In its first ground, the State challenges the court of appeals' holding that police may not rely on the statutorily implied consent when a DWI arrestee is unconscious to excuse seeking a warrant.  In its second ground, the State challenges the court of appeals' determination that exigent circumstances were not present in this case.

We remand to the court of appeals the State's second ground presented in its petition for discretionary review.  Since the time of the court of appeals' decision, we have decided two cases analyzing the issue of exigent circumstances in this context.  *See Cole v. State*, 490 S.W.3d 918 (Tex. Crim. App. 2016); *Weems v. State*, 493 S.W.3d 574 (Tex. Crim. App. 2016).  Given the existence of intervening precedent from this Court that might affect the court of appeals' analysis of this case, we vacate the judgment of the court of appeals and remand this case to that court for it to consider whether, under the totality of the circumstances known to the police officer at the time, exigent circumstances existed in light of this Court's intervening decisions in *Cole* and *Weems*.  *See id.*

In light of our decision to remand this case to the court of appeals, we dismiss without prejudice the State's first ground in its petition as improvidently granted at this juncture.  Because a finding that a search was proper due to exigent circumstances would obviate the need to address whether a search was proper under implied consent, any discussion of implied consent is premature at this point.  We, therefore, dismiss the State's first ground.

Delivered: February 1, 2017

DO NOT PUBLISH